UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **ELAINE L. CHAO,** Secretary of Labor, United States Department of Labor: | |
| Plaintiff, | |
| | **CIVIL No. 01-514 JRT/FLN** |
| v. | |
| | **JUDGE TUNHEIM** |
| **JOHNSON MOTOR COMPANY, INC., RICHARD D. JOHNSON, ROBERT L. JOHNSON AND THE JOHNSON MOTOR COMPANY, INC. PROFIT SHARING PLAN,** | **MAGISTRATE JUDGE NOEL** |
| Defendants. | |

**CONSENT JUDGMENT AND ORDER**

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., filed a Complaint against Defendants Johnson Motor Company, Inc. (JMC), Richard D. Johnson and Robert L. Johnson (hereinafter "Defendants") as fiduciaries with respect to the Johnson Motor Company, Inc. Profit Sharing Plan (hereinafter "Plan"), alleging that the Defendants violated their fiduciary obligations under ERISA §405(a), 29 U.S.C. §1105(a), §406(a)(1)(B) and (D), 29 U.S.C. §1106(a)(1)(B) and (D), and §406(b)(1) and (2), 29 U.S.C. §§ 1106(b)(1) and (2), with respect to the Plan's prohibited loans to Defendants.

AUG 3 1 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendants, having appeared by counsel, hereby waive answer, and admit to the jurisdiction of this Court over them and the subject matter of this action.

Plaintiff and Defendants have agreed to resolve all matters in controversy in this action (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(l), 29 U.S.C. 1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Consent Judgment and Order by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

IT IS THEREFORE ORDERED that:

1. Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2. Defendants are permanently enjoined and restrained from serving as fiduciaries with respect to any plan subject to the provisions of Title I of ERISA except that Robert L. Johnson may continue to serve as Plan trustee until he terminates the Plan in accordance with ERISA and distributes its assets. The prohibition from serving as fiduciaries for ERISA-covered plans does not extend to any account held for the exclusive benefit of either Richard D. Johnson or Robert L. Johnson.

3. Defendants are liable to the Plan in the amount of $505,006.45 which represents the principal and interest due on the Plan's loans to them for the period June 16, 1980 through December 31, 2001.

4. Defendants have documented to the Secretary's satisfaction that during the period January 2000 through December 2000, a total of $108,000 was restored to the Plan.

5. Defendant Richard D. Johnson hereby waives any rights to $126,240.07 (plus any appreciation and/or interest accruing since December 2000) in his Plan account. This amount shall be allocated to the investment accounts of Plan participants other than Defendants who are due monies from the Plan by December 31, 2001.

6. Defendant Robert L. Johnson hereby waives any rights to $103,722.68 (plus any appreciation and/or interest accruing since December 2000) in his Plan account. This amount shall be allocated to the investment accounts of Plan participants other than Defendants who are due monies from the Plan by December 31, 2001.

8. Defendants Richard D. Johnson and Robert L. Johnson have documented to the Secretary's satisfaction their entitlement to the Plan account of their deceased father Lyle W. Johnson, having submitted the estate and probate documents of their father Lyle W. Johnson and their mother Jennie B. Johnson. Defendants Richard D. Johnson and Robert L. Johnson hereby waive any rights to $22,301.76 (plus any appreciation and/or interest accruing since December

2000) in Lyle W. Johnson's Plan account. This amount shall be allocated to the investment accounts of Plan participants other than Defendants who are due monies from the Plan by December 31, 2001.

8. After the offsets in the total amount of $252,264.51 as referenced in paragraphs 5 through 7 above, Defendants shall pay the remaining amount due of $144,741.94, inclusive of interest, to the Plan by December 31, 2001. These amounts shall be credited to the investment accounts of the Plan participants other than Defendants and other than those Plan participants who have received the full distribution of their vested account balances, including accrued interest.

9. By January 20, 2002, Defendants shall provide proof of Defendants' payment and reallocations as referenced in paragraph 8 above to the Gregory Egan, Regional Director of the Pension and Welfare Benefits Administration (PWBA).

10. Defendants shall terminate the Plan consistent with ERISA. Within 20 days of the redistribution of the Plan's assets to the non-Defendant individual Participants' investment accounts as detailed above, the Defendants shall notify each Participant or his or her beneficiary of the option of rolling his or her Plan account into another qualified retirement plan or taking a lump sum distribution in this amount. Defendants shall provide each Participant or his or her beneficiary with thirty days in which to

respond to this notice and then shall make the distributions to the Participants in accordance with their requests.

11. Defendants shall treat as a distribution of plan assets for tax purposes, to the extent of any taxes payable thereon, any outstanding loans to JMC and participant loans on which repayments have not been made in accordance with the Plan's governing documents or ERISA.

12. Each party agrees to pay his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

13. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Judgment and Order.

14. Nothing in this Order is binding on any government agency other than the U.S. Department of Labor.

Dated: August 30, 2001

JOHN R. TUNHEIM
UNITED STATES DISTRICT JUDGE

The parties hereby apply for and consent to the entry of this Consent Judgment and Order.

JOHNSON MOTOR COMPANY, INC.

By ______________________

Its PRES

______________________
RICHARD D. JOHNSON

______________________
ROBERT L. JOHNSON

______________________
ATTORNEYS FOR DEFENDANTS:

______________________
THOMAS J. FLYNN, Esq.
KENDAL J. OHLROGGE, Esq.
LARKIN, HOFFMAN, DALY & LINDGREN
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota 55431-1194
(952)835-3800
Fax: (952) 896-3333

FOR THE SECRETARY OF LABOR:

HOWARD M.RADZELY
Acting Solicitor of Labor

RICHARD J. FIORE
Regional Solicitor

______________________
PHYLLIS B. DOLINKO
Counsel for ERISA, Region V

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Suite 844
Chicago, Illinois 60604
Telephone: (312) 353-6973
FAX: (312) 353-5698

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500